IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Michael J. Aurand, | ) |
| | ) Case No. 05 C 50241 |
| Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| Carolyn W. Colvin, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) Judge Philip G. Reinhard |
| Defendant | ) |
| | ) |

**ORDER**

For the reasons stated below, the court adopts the report and recommendation of Magistrate Judge Mahoney as modified concerning the EAJA fee refund. Petitioner's fee petition is granted in part in the amount of $17,551.25. If petitioner obtains EAJA fees in addition to the fees awarded here under 42 U.S.C. § 406(b), he must refund the smaller fee to plaintiff.

**STATEMENT - OPINION**

On 6/18/2013, Magistrate Judge Mahoney entered a report and recommendation that the petition for attorney's fees pursuant to section 206(b)(1) of the Social Security Act (42 U.S.C. § 406(b)(1)), filed by petitioner, plaintiff's attorney, be granted in part in the amount of $17,551.25. Petitioner sought $46,306.75, which is 25% of the $185,227.00 awarded plaintiff for past due benefits. Petitioner has a contingent fee agreement with plaintiff in which petitioner would receive 25% (the maximum allowable under section 206(b)(1)) of any award. The Commissioner of Social Security ("Commissioner") objected to this fee arguing it was unreasonable based on the hours petitioner actually spent working on the case. Petitioner objects to Magistrate Judge Mahoney's report and recommendation that petitioner's fees be allowed in only the reduced amount of $17,551.25. The court reviews this recommended disposition de novo. Fed. R. Civ. P. 72(b)(3).

"Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C.§ 406(b)(1)(A). The Commissioner may "certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits." Id. This provision

"does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." Gisbrecht v. Barnhart, 535 U.S. 789, 808-09 (2002). "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807. In testing a contingent-fee agreement for reasonableness, it is appropriate to reduce the "attorney's recovery based on the character of the representation and the results the representative achieved." Id. at 808. "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." Id.

Magistrate Judge Mahoney recommended a downward adjustment from the contractually agreed, and statutory maximum, 25% based on the amount of time counsel spent on the case relative to the large amount of the benefits obtained. The magistrate judge acknowledged the benefit plaintiff received from petitioner's experience and service in obtaining approximately twelve years past-due benefits in the amount of $185,227.00. He also weighed the inherent risk of non-payment in accepting a Social Security case on a contingent fee in making his recommendation. Ultimately, the magistrate judge concluded that $46,306.57 (25% of the past-due benefits awarded) was an unreasonably large amount in light of the reported hours spent by petitioner (17.4) and his law student assistants (30) on the case. He reasoned this amounted to approximately $975 per attorney and law student hour expended on the case and that this rate was excessive under the circumstances.

Petitioner contends numerous hours were spent after the case was remanded, 115.85 to be precise, in representing plaintiff in another three administrative hearings. While petitioner acknowledges these hours are not part of the metrics used in calculating an award for work in this court, he brings them to light in the context of the overall work performed to get the result achieved. The magistrate judge had noted "it does not appear that [p]etitioner was required to put any hours into the case after the District Court remanded it." Petitioner offers these 115.85 hours to belie the notion he did not put any hours into the case after remand. In effect, petitioner is saying his expenditure of these post-remand hours, enhances his claim the $46,306.57 contingent fee is reasonable.

In looking at the magistrate judge's analysis of the reasonableness of the contingent fee in the circumstances here, the court agrees with the magistrate judge that $46,306.57 is unreasonably large in light of the hours expended by petitioner and his law student assistants on the case. The 17.4 attorney hours and 30 law student hours are quite small in comparison to the large recovery amount. The magistrate judge took into account the good result and the risk of non-recovery undertaken by petitioner when the magistrate judge concluded $369.50 was a reasonable hourly rate for both attorney and law student time under the facts of the case. A downward adjustment to $17,551.25 is reasonable where the attorney time on the case was 17.4 hours and the law student time was 30 hours. Petitioner has not met his burden of showing that the full $46,306.57 contingent fee was reasonable, see Gisbrecht, 535 U.S. at 807, and the magistrate judge's downward adjustment sets a reasonable fee.

The magistrate judge also recommended that petitioner be required to return the $5600 EAJA fee he previously was awarded. Petitioner notes he did not receive this sum because the

check was erroneously sent to another attorney who returned it to the Agency. If petitioner obtains EAJA fees in addition to the fees awarded here under 42 U.S.C. § 406(b), he must refund the smaller fee to plaintiff.

Petitioner also claims his firm has expended approximately 15 hours working on the fee petition in this case but time spent preparing a section 406(b) fee petition is not itself recoverable under section 406(b). Porter v. Commissioner, No. 06-CV-1150, 2009 WL 2045688, *3 (N.D.N.Y. July 10, 2009) (collecting cases at n. 4).

For the foregoing reasons, the court adopts the report and recommendation of Magistrate Judge Mahoney as modified concerning the EAJA fee refund. Petitioner's fee petition is granted in part in the amount of $17,551.25. If petitioner obtains EAJA fees in addition to the fees awarded here under 42 U.S.C. § 406(b), he must refund the smaller fee to plaintiff.

Date: 9/03/2013                    ENTER:

                                   _____
                                        United States District Court Judge

Electronic Notices.    (cjr)